In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00555-CR
_____

**DOMINIQUE J. DAVIS A/K/A LUCKIE LATRICE PARKER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. 21342**

**MEMORANDUM OPINION**

Dominique J. Davis a/k/a Luckie Latrice Parker appeals her conviction for possession of marijuana. *See* Tex. Health & Safety Code Ann. § 481.121(b)(4) (West 2010). Appellant challenges the sufficiency of the evidence supporting her conviction, and argues the judgment erroneously states that she pleaded guilty to the offense. Because we find the evidence sufficient to support the conviction, we affirm the trial court's judgment as modified to reflect appellant's plea of not guilty.

1

Shane Granelli testified that in May 2010 he was a trooper with the Texas Department of Public Safety and was working a criminal interdiction task force in Livingston. He witnessed appellant make an unsafe lane change and initiated a traffic stop. Granelli smelled a strong odor of burnt marijuana coming from inside the car. Appellant had her six-year-old daughter in the vehicle with her.

Granelli approached the passenger's side of the vehicle, identified himself, asked appellant to step to the rear of the vehicle, and requested that she produce her driver's license. Appellant handed Granelli an Arkansas driver's license with the name of Dominique Davis, the name appellant used to identify herself to Granelli. The picture on the driver's license appeared to be appellant.

Granelli explained why he initiated the traffic stop. Appellant initially stated she owned the vehicle but later claimed her goddaughter, Ashley Thompson, owned it. The fact that appellant was claiming that the vehicle was owned by someone else piqued Granelli's interest because, as he explained at trial, typically people transporting narcotics will use a rental car or someone else's vehicle to avoid an automatic link to the narcotics they are transporting. Appellant told Granelli that she was coming from Houston, where she was a college student, and she was travelling to Little Rock to visit her family. Granelli testified appellant was trying to steer the conversation away from her travel plans and that she had a

2

nervous laugh and could not be still. The vehicle was determined to be owned by someone other than appellant.

Granelli informed appellant that he was going to issue her a warning as a strategy to see if her nervousness would subside. Granelli asked her why her goddaughter, whom appellant claimed owned the vehicle, was not traveling with her. Appellant stated that her goddaughter was staying in Houston, and just appellant and her daughter were traveling to Arkansas.

Appellant gave Granelli consent to search the vehicle. Granelli explained that appellant attempted to interfere with his search, and her nervousness appeared to increase as Granelli began searching the trunk. He found in the truck a black luggage bag with a lock on the zipper. He cut the lock off the bag and opened the bag. He confiscated from inside the bag what appeared to be about twenty pounds of marijuana packed in a plastic bag and saran wrap. Granelli testified that, based on his experience as a trooper, the substance smelled like fresh marijuana and looked like marijuana.

Appellant told Granelli that her goddaughter had put the bag in the vehicle and had told appellant that she would pick it up the next day, an explanation that seemed contradictory to what appellant had earlier told Granelli. Appellant had approximately $1,000 in cash in her purse. Granelli testified that it seemed unusual

3

to him for an unemployed full-time student to be carrying this amount of cash. Granelli explained at trial that, based on appellant's demeanor and anxiety about the search, he believed that she knew the marijuana was in the vehicle. Granelli placed appellant under arrest and read appellant her Miranda warnings. The trial court viewed a videotape of the traffic stop. Laboratory testing subsequently confirmed that the presumed narcotics amounted to approximately twenty pounds of marijuana. Granelli testified the marijuana had a street value of $16,000 to $24,000.

David Oliver, a special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives in Little Rock, Arkansas, testified. He had his first encounter with appellant in 2005, when he executed a search warrant on the home and business of Michael White, a "large-scale drug dealer in the Little Rock area and a gang member" with whom appellant, at the time, was living. Law enforcement recovered cocaine, marijuana, and firearms. In 2007, Oliver had contact with appellant again during an investigation of gang members who were selling cocaine and drugs. Appellant and her sister were in relationships with members of the family that were under investigation. In 2011, Oliver was executing an arrest warrant for a shooting suspect who was staying at appellant's house. When officers went to the house, appellant identified herself to Oliver as

4

someone else. No criminal charges were filed against appellant regarding these encounters with law enforcement.

Appellant testified that her given birth name is Luckie Latrice Parker and that she was the person depicted on the videotaped traffic stop. Her license was suspended at the time of the traffic stop, so she identified herself as Dominique Davis and gave Granelli a driver's license with that name. The driver's license belonged to her sister-in-law, who looked like appellant. According to appellant, the vehicle was owned by her goddaughter, Ashley Thompson. Appellant explained she was driving from Houston to Little Rock when Granelli initiated the stop. She claimed she did not own the bag containing the marijuana and that at the time of the traffic stop she did not know there was marijuana in the trunk of the car she was driving. Appellant testified that Thompson had put the bag in the trunk and it was appellant's understanding that the bag contained Thompson's clothes and school books. She claimed that she was not nervous during the traffic stop but instead was acting the way she did because she was cold.

Appellant admitted that her ex-fiance, Michael White, lives in Little Rock and was a major drug dealer. She admitted to using other aliases during past encounters with law enforcement, and that she and others swapped names to try to confuse law enforcement.

5

Appellant argues in her first issue that the evidence is insufficient to support her conviction. Appellant contends that the evidence presented merely shows that she was the driver of an automobile that happened to have marijuana in the trunk. She contends that her mere presence in the vicinity of the marijuana is insufficient to support her conviction for possession.

When examining the sufficiency of the evidence, an appellate court reviews all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We must give full deference to the fact-finder's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *see also Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

"To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *see also* Tex. Health & Safety Code Ann. § 481.002(38) (West 2010). In *Evans v. State*, 202

6

S.W.3d 158, 161 (Tex. Crim. App. 2006), the Court explained that "[r]egardless of whether the evidence is direct or circumstantial, it must establish that the defendant's connection with the drug was more than fortuitous." A defendant's mere presence at the location where drugs are found is insufficient, by itself, to establish care, custody, or control of the drugs. *Id.* at 162. However, presence or proximity, in combination with other direct or circumstantial evidence, may be sufficient to establish that element beyond a reasonable doubt. *Id.* On appeal, the non-exclusive factors we consider in determining whether sufficient evidence links the appellant to the controlled substance include: (1) the contraband is in plain view; (2) the defendant owns the premises where the contraband is located; (3) the contraband is conveniently accessible to the defendant; (4) the contraband is found in close proximity to the defendant; (5) a strong residual odor of the contraband is present; (6) drug paraphernalia is in view or is found near the defendant; (7) the defendant is found in a physical condition that indicates consumption of the contraband; (8) the defendant engages in conduct that indicates consciousness of guilt; (9) the defendant has a special connection to the contraband; (10) contraband is found in an enclosed place; (11) the occupants of the premises provide conflicting statements about relevant matters; and (12) affirmative statements connect the defendant to the contraband. *Gregory v. State*, 159 S.W.3d 254, 260

7

(Tex. App.—Beaumont 2005, pet. ref'd). The evidence is sufficient when the logical force of all the evidence and the reasonable inferences from the evidence support the finding that the appellant exercised actual care, custody, control, or management of the contraband. *Evans*, 202 S.W.3d at 162, 166.

Granelli testified that a strong odor of burnt marijuana was emanating from inside the car. Appellant initially said she owned the vehicle she was driving and then acknowledged she did not own the vehicle. She presented a driver's license that was not hers and gave an alias when Granelli asked her name. She appeared nervous during the traffic stop, even after Granelli informed her he only intended to give her a warning. According to Granelli, although appellant consented to a search of the vehicle, she became increasingly nervous during the search and attempted to interfere with the search. Granelli concluded that, based on appellant's demeanor and actions, she knew the marijuana was in the trunk. Appellant, who claimed she was an unemployed, full-time student, had $1,000 in cash in her purse. Approximately twenty pounds of marijuana was recovered from a bag in the trunk. The combined logical force of all of the circumstances was sufficient for the trial court to find that appellant knew there was marijuana in the trunk of the vehicle she was driving, and that she exercised care, custody, or

8

control over the marijuana. A rational fact-finder could find all the elements of the offense beyond a reasonable doubt. Appellant's first issue is overruled.

In her second issue, appellant contends that the judgment erroneously states that she entered a plea of guilty to the offense when, in fact, she pleaded not guilty. Appellant requests that the judgment be amended to correctly reflect her plea. The reporter's record demonstrates that appellant pleaded not guilty to the offense of possession of marijuana. We modify the trial court's judgment to reflect that appellant pleaded not guilty to the charged offense, and we affirm the trial court's judgment as modified.

AFFIRMED AS MODIFIED.

_____
STEVE McKEITHEN
Justice

Submitted on October 29, 2013
Opinion Delivered November 13, 2013
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.